# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO R. GARCIA, | CV F  05-1175 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1 ) |
| CDC, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Guillermo R. Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on September 16, 2005. The original complaint consists of one hundred sixty seven (167) pages and names the California Department of Corrections, Warden Yates, P. Zimmerman and M. Genova as Defendants.[1]

Plaintiff moved to amend his Complaint on September 15, 2006, however, no amended Complaint was ever filed.

## A.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

---

[1]On October 25, 2005 and for reasons unknown to the Court, Plaintiff filed an Amended Petition for Writ of Habeas Corpus. (Doc. 7.)

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9  complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13  **B. SUMMARY OF COMPLAINT**

14       Plaintiff alleges in the Complaint that he was denied law library access,

15  recreation/exercise, showers, religious services, diet meals, priority legal user status, clean

16  laundry, that his clothing was confiscated, . (Compl. at 3-A).  Plaintiff states that he was mixed

17  with the general population and asked to be placed in protective custody because he had a sex

18  charge but the Captain did nothing to protect him.  Plaintiff also requested that he be transferred

19  to Calipatria.  Plaintiff was transferred to Pleasant Valley State Prison and was put on lockdown

20  for 45 days but other inmates were programmed in 7 days.   Plaintiff was advised by the

21  Correctional Counselor that he should request to be classified, enrolled in a program, have family

22  visits, phone his family and be endorsed to Calipatria State Prison. Plaintiff later asked for

23  information as to why he was placed on lockdown in the form of an appeal but his appeal was

24  denied.  Plaintiff states that after an altercation in the chow hall where an inmate was pepper

25  sprayed, Plaintiff stated he did not feel well and asked to see the doctor but his request was

26  ignored by Defendant Diaz.  Plaintiff made similar requests to other Correctional Officers but he

27  was never called.

28

1  **C.  CLAIMS FOR RELIEF**

2      *1.  Linkage Requirement*

3      The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
5          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
6          law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

8  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

11  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

12  in another's affirmative acts or omits to perform an act which he is legally required to do that

13  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

14  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

15  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

16  federal rights.

17      In this case, although Plaintiff lists numerous individuals as Defendants, he fails to link

18  all but one to an act or omission giving rise to a constitutional violation.  Without such linkage,

19  Plaintiff does not state any cognizable claims for relief.

20      *2.  Eighth Amendment Medical Care*

21      A prisoner's claim of inadequate medical care does not constitute cruel and unusual

22  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

23  medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

24  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

25  objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

26  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

27  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

28  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

1  A prison official does not act in a deliberately indifferent manner unless the official "knows of

2  and disregards an excessive risk to inmate health or safety." Id.

3         Here, Plaintiff alleges that his request to see a doctor to Defendant Diaz was ignored.

4  Although Plaintiff may be able to allege a cognizable claim for relief, he fails to provide specific

5  information as to when the events occurred such that Defendant Diaz could be put on notice of

6  the allegations made by Plaintiff.  As stated above, Plaintiff must allege facts showing that

7  Defendant Diaz knew of and disregarded a serious risk to Plaintiff's health.  That Plaintiff just

8  didn't feel well may not be sufficient to meet this standard.

9             *3.  Eighth Amendment - Conditions*

10        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

11  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

12  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison

13  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

14  personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

15  Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

16  unsafe conditions of confinement, prison officials may be held liable only if they acted with

17  "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,

18  1128 (9th Cir. 1998).

19         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

20  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

21  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

22  responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).

23  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

24  confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

25  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

26  society, only those deprivations denying the minimal civilized measure of life's necessities are

27  sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and

28  citations omitted).

1                 **A.  Hygiene & Clean Laundry**

2        Plaintiff alleges sanitation violations generally.  Although the Eighth Amendment

3 guarantees sanitation and hygiene, plaintiff has alleged no facts suggesting a deprivation so

4 extreme that it rises to the level of an Eighth Amendment violation, Hoptowit v. Ray, 682 F.2d

5 1237, 1246 (9th Cir. 1982, and plaintiff has alleged no facts linking any of the named defendants

6 to any acts committed against him.  Defendants' involvement and actions in reviewing plaintiff's

7 inmate appeal cannot serve as the basis for liability under a § 1983 action.  Buckley v. Barlow,

8 997 F.2d 494, 495 (8th Cir. 1993).

9                 **B.  Exercise**

10        Plaintiff alleges that he was denied exercise/recreation.  However, Plaintiff has alleged no

11 specific facts as to when these deprivations occurred nor does he link any named Defendant to

12 such acts or omissions.  Further, Plaintiff does not allege facts suggesting a deprivation so

13 extreme that it rises to the level of an Eighth Amendment violation, and plaintiff has alleged no

14 facts linking any of the named defendants to an alleged deprivation that affected plaintiff

15 personally.  Defendants' involvement and actions in reviewing plaintiff's inmate appeal cannot

16 serve as the basis for liability under a § 1983 action.  Buckley v. Barlow, 997 F.2d 494, 495 (8th

17 Cir. 1993).

18         *4.  Priority Legal User Status*

19        Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

20 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

21 inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

22 rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances

23 or to litigate effectively once in court.  Id.

24        Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries

25 and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because

26 inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

27 cannot establish relevant actual injury by establishing that his prison's law library or legal

28 assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate claiming

1  interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

2  Accordingly, Plaintiff has no constitutional right to priority legal user status and he fails to state a

3  cognizable claim for relief.

4        *5. Excessive Force*

5        The use of excessive force by a prison official violates the eighth amendment.  Hudson v.

6  McMillian, 503 U.S. 1, 112 S.Ct. 995  (1992).  Determining whether there has been an eighth

7  amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or

8  restore discipline or maliciously and sadistically for the very purpose of causing harm.' "  See id.

9  at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

10       To prevail on an excessive force claim, an inmate must show the official applied force

11  "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort

12  to maintain or restore discipline."  Id. at 4-5, 7, 112 S.Ct.  at 999.  Such factors as the need for

13  the application of the force, the relationship between the need for the application of force and the

14  amount of force used, and the extent of injury inflicted are relevant to the ultimate determination.

15  Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078  (1986).  An inmate, however, does not

16  need to have suffered an injury to establish an Eighth Amendment violation.  Hudson, 503 U.S.

17  at 7.

18       Here, although Plaintiff states he suffered excessive force, he does not allege any facts to

19  support a claim for relief.

20  **D.  CONCLUSION**

21       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

22  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

23  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

24  so.

25       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

26  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

27  1980).  The Amended Complaint must specifically state how each Defendant is involved.

28  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

1   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

2   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

3   F.2d 740, 743 (9th Cir. 1978).

4          Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

5   be complete in itself without reference to any prior pleading.  As a general rule, an Amended

6   Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

7   1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

8   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

9   claim and the involvement of each defendant must be sufficiently alleged.  The Amended

10  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

11  appropriate case number, and be an original signed under penalty of perjury.

12  **E.  ORDER**

13         The Court HEREBY ORDERS:

14      1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

15             complaint form;

16      2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

17             from the date of service of this order, Plaintiff SHALL:

18          a.      File an Amended Complaint curing the deficiencies identified by the Court

19                in this Order, or

20          b.      Notify the Court in writing that he does not wish to file an Amended

21                Complaint and pursue the action but instead wishes to voluntary dismiss

22                the case. See, Fed.R.Civ.P. 41(a)(1).

23         Plaintiff is forewarned that his failure to comply with this Order may result in a

24  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

25  IT IS SO ORDERED.

26  **Dated:**   **November 1, 2006**            **/s/ Lawrence J. O'Neill**
    b9ed48                         UNITED STATES MAGISTRATE JUDGE

27

28