# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO R. GARCIA, | 1:05-cv-01175-GSA (PC) |
| Plaintiff, | |
| v. | ORDER FINDING CERTAIN CLAIMS COGNIZABLE and DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITHOUT PREJUDICE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al., | |
| | (Doc. 20) |
| Defendants. | |

**I.   FINDINGS**

Guillermo R. Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his original complaint on September 16, 2005 and a first amended complaint on October 25, 2005. (Docs. 1 & 7.) On October 25, 2005, Plaintiff consented to jurisdiction by U.S. Magistrate Judge. (Doc. 4.) On September 15, 2006, Plaintiff moved for leave to amend the complaint a second time, which was denied by the Court on September 19, 2006. (Docs. 17 & 18.) On November 2, 2006, this Court screened Plaintiff's first amended complaint and dismissed it with leave to file a second amended complaint. (Doc. 19.) On December 6, 2006, Plaintiff filed his second amended complaint – which is before the Court for screening at this time. (Doc. 20.)

**A.   Screening Requirement**

1

1    The Court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
4 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
5 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
6 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been
7 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
8 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
9 1915(e)(2)(B)(ii).

10    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
11 which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
12 support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
13 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
14 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
15 complaint under this standard, the court must accept as true the allegations of the complaint in
16 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
17 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
18 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19    **B.    Summary of Plaintiff's Second Amended Complaint**

20    Plaintiff is a state prisoner, currently housed at Sierra Conservation Center in Jamestown,
21 California. Plaintiff complains of acts which occurred while he was housed at three different
22 facilities: California Correctional Institution ("CCI") in Tehachapi, California; Pleasant Valley
23 State Prison ("PVSP") in Coalinga, California; and Kern Valley State Prison ("KVSP") in
24 Delano, California.

25    Plaintiff names various defendants at various facilities in his second amended complaint,
26 to wit:
27    (1) his cause of action, which begins on page 2, is against "Captain (SP) Doe #1" at CCI;
28    (2) his cause of action, which begins on page 9, is against "Unknown names, but Titles as

1  CD, EAW, D. Yard Facility Captain, and CCI Eddings c/o Mrs. Steel" at PVSP;

2  (3) his cause of action, which begins on page 11, is against Ramble, B. Diaz, Sergeant
3  Doe #9," and "Sergeant Doe #10" at PVSP and KVSP;

4  (4) his cause of action, which begins on page 13, is against B. Diaz at PVSP;

5  (5) his cause of action, which begins on page 14, is against Garrizon, Anderson, and
6  Sergeant B. Defrance at PVSP;

7  (6) his cause of action, which begins on page 16, is against R. Kevorkian, P. Castillo, R.
8  Zimmermen, "CD," "EAW," "D. Yard Facility Captain," and CCI Eddings at PVSP;

9  (7) his cause of action, which begins on page 19, is against L. Fulgate CCII &
10  "Supervisor" at PVSP, and Olsen & K. Spray at KVSP;

11  (8) his cause of action, which begins on page 21, is against R.S. Ortiz, M.D., F. Salazar,
12  M.D., R. Chapnick, M.D., "the Chief Medical Officer," and Does 1 to 4 (nurses) at
13  PVSP;

14  (9) his cause of action, which begins on page 23, is against F. Warden, RN, R. Chapnick,
15  M.D., "Chief Medical Officer(A)," "Correctional Officers," Ramble, B. Diaz, and
16  "Seargeant Doe 10," at PVSP;

17  (10) his cause of action, which begins on page 24, is against A. Hoopes and "AGPA" at
18  KVSP II;

19  (11) his cause of action, which begins on page 25, is against M Stern and M. Brookwalter
20  at KVSP II; and

21  (12) his cause of action, which begins on page 27, is against "CD," "EAW," and "A Yard
22  Captain," at PVSP and KVSP.

23  Plaintiff seeks monetary damages and other relief .

24  As discussed in further detail in the next section, Plaintiff has violated Federal Rule of
25  Civil Procedure, Rule 18(a) by asserting multiple unrelated claims against different defendants.
26  Thus, the Court has focused on a grouping of Plaintiff's claims which revolve around a related
27  set of facts and defendants.  The Court thus focuses the legal analysis in this order on Plaintiff's
28  claim delineated above as (5), which begin on page 14, against Garrizon, Anderson, and Sergeant

Defrance at PVSP.

This cause of action relates to Plaintiff's allegations that: (1) on April 15, 2005, Plaintiff had been standing in the pill line and decided to get in the line to eat, Garrizon told Plaintiff that he would be eating in his cell, but did not send Plaintiff a meal (Doc. 20, pg. 15.); and (2) on December 31, 2005, on entering his cell after dinner, Anderson re-opened his cell door and called Plaintiff to go downstairs; Plaintiff was approached by seven officers, including Garrizon and Sgt. Defrance; Garrizon started spitting at Plaintiff's face, harassing Plaintiff, yelling aggressively and grabbing Plaintiff by the arm jerking and shoving him into the rotunda, where Sgt. Defrance shoved Plaintiff out of the view of other inmates; there they attacked Plaintiff, pushing him against the wall; Garrizon shoved his knee into Plaintiff's buttocks, twisted his right arm, and smashed Plaintiff's face against the wall; Plaintiff requested Garrizon stop, but Garrizon continued and pushed his face "almost slamming it against the wall." (Doc. 20, pp. 14-15.)

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claim delineated by the Court hereinabove as (5), which begins on page 14 of Plaintiff's second amended complaint against Garrizon, Anderson, and Sergeant B. Defrance at PVSP are related such that, when grouped in one pleading, they do not violate Rule 18(a).

4

However, all of Plaintiff's other claims, against all other defendants are not related and are hereby dismissed without prejudice for violating Rule 18(a). If Plaintiff chooses to pursue his other claims, he must file separate pleadings/complaints for each unrelated claim against different defendant(s).

### D.     Plaintiff's Causes of Action

#### 1. *Excessive Force*

Plaintiff alleges that prison personnel called him out of his cell and assaulted him. (Doc. 20, pp. 14-15.)

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

Plaintiff alleges that: on December 31, 2005, on entering his cell after dinner, Anderson re-opened his cell door and called Plaintiff to go downstairs; Plaintiff was approached by seven officers, including Garrizon and Sgt. Defrance; Garrizon started spitting at Plaintiff's face, harassing Plaintiff, yelling aggressively and grabbing Plaintiff by the arm jerking and shoving him into the rotunda, where Sgt. Defrance shoved Plaintiff out of the view of other inmates; there they attacked Plaintiff, pushing him against the wall; Garrizon shoved his knee into Plaintiff's buttocks, twisted his right arm, and smashed Plaintiff's face against the wall; Plaintiff requested Garrizon stop, but Garrizon continued and pushed his face "almost slamming it against the wall." (Doc. 20, pp. 14- 15.) Plaintiff's allegations regarding the actions by Sgt. Defrance and Garrizon show the malicious and sadistic use of force against him so as to state cognizable claims against them for unconstitutional use of excessive force upon which he may proceed. However, Plaintiff's allegations against Anderson do not show that Anderson employed any force whatsoever against Plaintiff, such that Plaintiff's claims against Anderson are subject to dismissal with prejudice.

## 2. *Conditions of Confinement*

Plaintiff alleges that Garrizon withheld a meal from him.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must alleges facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152

F.3d 1124, 1128 (9th Cir. 1998). Temporarily unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

Plaintiff's allegation that, on April 15, 2005, Garrizon told Plaintiff that he would be eating in his cell, but did not send Plaintiff a meal is not an extreme enough deprivation to state a cognizable claim for unconstitutional conditions of confinement. Thus, Plaintiff's claims against Garrizon regarding his conditions of confinement are subject to dismissal with prejudice.

**II.  ORDER**

The Court finds that Plaintiff's complaint gives rise to claims for relief against defendants Garrizon and Sgt. Defrance for using excessive force against him. The Court will, by separate order direct Plaintiff to submit USM 285 forms. However, the Court finds that Plaintiff fails to state a cognizable claim against defendant Garrizon regarding the conditions of Plaintiff's confinement.

Further, the Court finds that all of the other claims Plaintiff raises in his complaint are not related and are raised against different defendants so as to violate Federal Rule of Civil Procedure 18(a).

Accordingly, it is HEREBY ORDERED that:

1. this action shall proceed on Plaintiff's second amended complaint filed on December 6, 2006 against defendants Sergeant Defrance and Garrizon for using unconstitutional excessive force on Plaintiff;

2. all other claims against defendant Garrizon are dismissed with prejudice based on Plaintiff's failure to state any claims upon which relief may be granted;

3. all claims against defendant Anderson are dismissed with prejudice based on Plaintiff's failure to state any claims upon which relief may be granted; and

4. all claims against all other defendants, mentioned anywhere in Plaintiff's second amended complaint, are dismissed without prejudice based on

Plaintiff's violation of Federal Rule of Civil Procedure 18(a).

IT IS SO ORDERED.

**Dated:    September 22, 2008**           _____/s/ Gary S. Austin_____
                                            UNITED STATES MAGISTRATE JUDGE