UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO R. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SGT. B. DEFRANCE and<br>C/O GARRIZON,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | 1:05-cv-01175-GSA-PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS FOR FAILURE TO<br>EXHAUST REMEDIES<br>(Doc. 33.)<br><br>ORDER DISMISSING ACTION, WITHOUT<br>PREJUDICE<br><br>ORDER DIRECTING CLERK TO CLOSE<br>CASE AND RETURN PROPOSED THIRD<br>AMENDED COMPLAINT TO PLAINTIFF<br>WITHOUT FILING IT<br>(Doc. 43.) |

**Order on Defendants' Motion to Dismiss**

**I.　Relevant Procedural History**

Guillermo R. Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint initiating this action on September 16, 2005. (Doc. 1.) The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 4, 32, 36.) On September 19, 2008, this case was assigned to the undersigned to conduct all further proceedings, including trial and entry of judgment. (Doc. 26.) This action now proceeds on the second amended complaint filed on December 6, 2006, against defendants

1

Sergeant ("Sgt.") B. Defrance and Correctional Officer ("C/O") Garrizon ("Defendants"), on Plaintiff's claim for excessive physical force in violation of the Eighth Amendment of the United States Constitution. (Doc. 20.)[1]  The events allegedly occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California, while Plaintiff was incarcerated there.

On December 22, 2008, pursuant to Federal Rule of Civil Procedure 12(b), Defendants filed a motion to dismiss the complaint for failure to exhaust available administrative remedies. (Doc. 33.) On March 11, 2009, Plaintiff filed an opposition to the motion and lodged a proposed third amended complaint. (Docs. 41, 42, 43.)[2]  On March 17, 2009, Defendants filed a reply to the opposition. (Doc. 44.) The motion to dismiss is now before the Court.

## II.     Plaintiff's Allegations

Plaintiff's claims in the second amended complaint arise from an incident which he alleges occurred on December 31, 2005 at PVSP, when Defendants used excessive physical force against him. (2nd Amd Cmp, Doc. 20, p. 14-15.)[3]  Plaintiff alleges as follows. On entering his cell after dinner, C/O Anderson re-opened his cell door and called Plaintiff to go downstairs. Plaintiff was approached by seven officers, including C/O Garrizon and Sgt. B. Defrance. Garrizon started spitting at Plaintiff's face, harassing Plaintiff, yelling aggressively and grabbing Plaintiff by the arm, jerking and shoving him into the rotunda, where Defrance shoved Plaintiff out of the view of other inmates. There they attacked Plaintiff, pushing him against the wall. Garrizon shoved his knee into Plaintiff's buttocks, twisted his right arm, and smashed Plaintiff's face against the wall. Plaintiff requested that Garrizon stop, but Garrizon continued and pushed his face, "almost slamming it against the wall." Id. at 15:4. Plaintiff seeks monetary damages and injunctive relief.

///

---

[1] On September 22, 2008, the Court issued an order dismissing all other defendants and claims from this action. (Doc. 27.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 30, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 30.)

[3] The pagination on the second amended complaint by Plaintiff differs from the pagination on the Court's electronic record. For clarity, the Court uses the pagination on the Court's electronic record.

2

**III.     Legal Standards**

    **A.     PLRA Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

    **B.     CDCR's Grievance Process**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d, 1198, 1199-1201 (9th Cir. 2002).

    **C.     Unenumerated Rule 12(b) Motion to Dismiss**

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

3

1 Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
2 subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119
3 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per
4 curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may
5 look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes
6 that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without
7 prejudice. Id.

**IV.     Defendants' Motion to Dismiss**

9 Defendants move to dismiss this action on the ground that Plaintiff failed to exhaust
10 administrative remedies before bringing this action. Defendants argue that pursuant to § 1997e, Plaintiff
11 is required to exhaust the prison administrative grievance process before filing a suit for money damages
12 under § 1983, because he is an inmate in the custody of the CDCR. Defendants assert that Plaintiff filed
13 the instant § 1983 lawsuit for money damages on September 16, 2005, and Plaintiff's only remaining
14 claim is based on an incident allegedly occurring on December 31, 2005, three months after this lawsuit
15 was filed. Because the incident had not yet occurred, Defendants argue it is impossible that Plaintiff
16 exhausted his remedies before filing this lawsuit.

17 In opposition to Defendants' motion, Plaintiff argues that he exhausted his administrative
18 remedies because he filed an administrative appeal at the prison on January 5, 2006. (P's opp'n, Doc.
19 41, p. 2 ¶I(1)). Plaintiff alleges that the appeals coordinator refused to file his appeals. Id. Plaintiff also
20 argues that his claim for excessive force, for which he seeks monetary damages, is not subject to the
21 PLRA requirement to exhaust administrative remedies, because monetary damages are not available
22 under the California grievance procedure. Id., p. 3 ¶I(4). Plaintiff argues that his case should not be
23 dismissed because the Court screened the complaint and found it stated a cognizable claim for relief
24 under § 1983. Id., pp. 1:27-28; 2-3 ¶I(2).

25 Defendants reply that Plaintiff's arguments do not withstand their motion, because Plaintiff failed
26 to exhaust before filing the original complaint on September 16, 2005, and because under the PLRA
27 exhaustion is mandatory when there are available remedies, regardless of the relief the inmate requests.

4

### V. Plaintiff's Proposed Third Amended Complaint

On March 11, 2009, the same date Plaintiff submitted his opposition to Defendants' motion to dismiss, Plaintiff lodged a proposed third amended complaint ("3ACP"). (Doc. 43.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. Pro. 15(a). In this case, a responsive pleading was filed on December 22, 2008 when Defendants filed the pending motion to dismiss. (Doc. 33.) Moreover, Plaintiff has amended the complaint twice before. (Docs. 7, 20.) Therefore, Plaintiff requires leave of Court to file a third amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff did not seek leave of Court to amend his complaint and there is no motion to amend before the Court. However, the courts have "a duty to ensure that pro se litigants do not lost their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Solis v. County of Los Angeles, 514 F.3d 946, 957 n. 12 (9th Cir. 2008) (construing demand for jury trial in motion for counsel as a continuing demand even though not in a separate filing because plaintiff was pro se). Because Plaintiff submitted the 3ACP to the Court *on the same date* he submitted his opposition to Defendants' motion to dismiss, the Court has reviewed the 3ACP in an effort to learn whether Plaintiff may have submitted it as part of his opposition or whether justice requires granting leave to amend.

The 3ACP enlarges on the facts of the excessive force incident and adds an additional claim for retaliation based on the same incident. Plaintiff again asserts that the incident at issue occurred on December 31, 2005. Plaintiff also discusses and submits evidence of his efforts to exhaust

administrative remedies, including filing a CDC Form 602 appeal at the prison (dated 01-05-06)(Ex. A-3, A-4, A-17), sending a complaint to the Inspector General (dated 03-23-06)(Ex. A-6, A-8, A-16), submitting a government claims form to the California Victim Compensation and Government Claims Board (dated 05-10-06)(Ex. A-1, A-2, A-22, A-23), and filing a citizen's complaint at the Superior Court and the U.S. Department of Justice (dated 08-15-06)(Ex. A-18, A-19, A-20, A-21).

Plaintiff's 3ACP and the second amended complaint are both based on the same incident. The key facts supporting Defendants' motion to dismiss, – the date of the incident (December 31, 2005) and the date the original complaint was filed (September 16, 2005) – are the same for either complaint. Under these circumstances, it would be futile for Plaintiff to file the 3ACP at this stage of the proceedings, because resolution of the motion to dismiss will necessarily bring about the same result for either complaint.

## VI. Discussion

It is undisputed that Plaintiff initiated this action on September 16, 2005. It is also undisputed that the only incident presently at issue in this case occurred on December 31, 2005. Under these facts, the Court concurs with Defendants' conclusion that it is impossible for Plaintiff to have exhausted his administrative remedies as to the incident at issue, because the lawsuit was filed before the incident occurred.

Plaintiff' argument that his case should not be dismissed because the Court found the second amended complaint states a cognizable claim is without merit. (Pltf's opp'n, Doc. 41, p. 1:27-28). The fact that a complaint states a cognizable claim is not an indication that the claim has been exhausted. The Court's initial screening under 28 U.S.C. §1915A does not include screening for affirmative defenses, and failure to exhaust is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, the fact that the Court screened the complaint and found it states a cognizable claim does not support plaintiff's argument that the complaint should not be dismissed for failure to exhaust.

///

Plaintiff was forewarned by the Court that he should not file an unexhausted claim. In the order filed September 19, 2006, the Court explained in great detail that the exhaustion requirement must be met prior to the filing of the complaint, and that "any claims [added to the complaint] against any defendants that arose after the filing of this action of September 16, 2005, will not be exhausted and would be dismissed." (Doc. 18, p. 1-2.) Even after this warning, Plaintiff included an unexhausted claim, based on the December 31, 2005 incident, in the second amended complaint filed December 6, 2006.

On September 22, 2008, the Court dismissed multiple unrelated claims from the second amended complaint. (Doc. 27.) The unforeseen result was that the second amended complaint then proceeded only on an unexhausted claim. The Court advised Plaintiff of his option to pursue the dismissed claims by "fil[ing] separate pleadings/complaints for each unrelated claim against different defendant(s)." Id. However, Plaintiff has not pursued any of the dismissed claims by filing a new complaint at this court.

Plaintiff's evidence that he filed a prison appeal on January 5, 2006 does not support his argument that he exhausted his administrative remedies. Proper exhaustion may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford, 548 U.S. at 83-84. An appeal filed *after* a lawsuit is filed cannot possibly satisfy the PLRA's requirement that remedies be exhausted *before* the lawsuit is filed. It is irrelevant whether the appeals coordinator filed the appeal, because it was already submitted too late.

Plaintiff's argument that he is not required under the PLRA to exhaust remedies because he seeks money damages misstates the law. The PLRA requires administrative exhaustion even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 731.

Under the undisputed facts, Plaintiff could not have possibly exhausted his administrative remedies. Accordingly, Defendants have met their burden of raising and proving the absence of exhaustion and are entitled to dismissal of this action in its entirety. In light of this ruling, the Clerk shall return Plaintiff's proposed third amended complaint to him without filing it.

**VII. <u>Conclusion</u>**

For the reasons set forth herein, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the complaint for failure to exhaust remedies is GRANTED;
2. This action is DISMISSED in its entirety, without prejudice;
3. The Clerk is DIRECTED to close this case; and
4. The Clerk is DIRECTED to return the proposed third amended complaint, lodged March 11, 2008, to Plaintiff without filing it.

IT IS SO ORDERED.

Dated:  **July 23, 2009**            /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE